UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM S. WONG, | : | |
| Plaintiff, | : | Civil Action No. 22-1586 (JXN)(ESK) |
| v. | : | OPINION |
| TERRY RAMNANAN, | : | |
| Defendant. | : | |

**NEALS**, District Judge:

This matter comes before the Court on the motion to dismiss [ECF No. 11] filed by the Terry Ramnanan ("Defendant"), to which Plaintiff filed an opposition [ECF No. 15] and Defendant replied [ECF No. 18]. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, the motion to dismiss [ECF No. 11] is **DENIED**.

**I.     BACKGROUND**

Plaintiff is a California attorney and former federal prosecutor who initiated this civil action seeking compensation for legal services he provided to Defendant. *See generally* Compl., ECF No. 1. Plaintiff claims that Defendant, his former friend of nearly 24 years, came under criminal investigation by the New Jersey Attorney General's Office in 2016. *Id.* at 4.[1] In 2017, after retiring

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.

from the United States Attorney's Office, Plaintiff was permitted to appear on Defendant's behalf as *pro hac vice* counsel in the New Jersey Superior Court.  *Id.*

Plaintiff alleges that he offered to perform certain legal services for free because of his close relationship with the Defendant.  *Id.* at 5.  In 2018, however, Plaintiff claims that it became apparent to him that Defendant's case was headed to trial and that it would require substantial time to prepare for trial.  *Id.* at 6.  At this point, Plaintiff alleges that he informed Defendant that his hourly rate for legal services was $500 per hour.  *Id.*  Plaintiff also informed Defendant that he could relieve Plaintiff as counsel and seek new representation.  *Id.*  According to Plaintiff, Defendant declined to seek new representation.  *Id.*  Defendant ultimately agreed to pay Plaintiff for his legal services.  *Id.*

In 2019, after Plaintiff spent considerable time on Defendant's defense, the court granted Plaintiff's motion to dismiss all counts of the Superseding Indictment.  *Id.*  Plaintiff claims that after the case was dismissed, Defendant reneged on his obligation to pay Plaintiff for his legal services and to reimburse Plaintiff for monies Plaintiff advanced that were reasonably necessary to the defense of the criminal charges levied against Defendant.  *Id.*  As a result, Plaintiff initiated this case alleging two causes of action for quantum meruit and unjust enrichment.  *Id.* at 7-9.

On August 1, 2022, Defendant filed a motion to dismiss contending that Plaintiff's Complaint should be dismissed for insufficient service of process, lack of subject matter jurisdiction, and for failure to state a claim.  ECF No. 11-1.  Plaintiff opposed the motion [ECF No. 15] and Defendant replied [ECF No. 18].  On October 7, 2022, Magistrate Judge Edward Kiel entered an order granting Plaintiff leave to serve the Summons and Complaint on Defendant by substitute service.  ECF No. 25.  Shortly thereafter, Plaintiff filed proof or service [ECF No. 27] and Defendant filed an Answer [ECF No. 33].

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), the defendant may move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering the motion, the court assumes the truth of the facts alleged and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, the allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* The complaint will only survive dismissal if it provides factual allegations that support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under this standard, the Third Circuit requires a three-part inquiry: (1) the court must recite the elements that are required under the relevant causes of action; (2) the court must ascertain the allegations in the complaint that are conclusory and unqualified for an assumption of truth; and (3) the court must assume the truth of the factual allegations in the complaint and assess the plausibility of the claims for relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Ultimately, the complaint "must do more than allege the plaintiff's entitlement to relief"—it "has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## III. DISCUSSION

### A. Service of Process

Defendant contends that the Complaint should be dismissed for insufficient service of process because Defendant never received the summons and complaint by mail. ECF No. 11-1 at 9. On October 7, 2022, Judge Kiel entered an order directing the following:

> Plaintiff is granted leave to serve the summons and complaint on defendant by substitute service, as follows: (a) by certified mail, return receipt requested, and regular mail to the Paramus and Upper Saddle River Addresses; (b) by email to the Email Address; and (c) by regular mail and email to defendant's counsel. Service pursuant to this paragraph shall be effective service of the summons and complaint on defendant.
>
> Plaintiff shall file proof of service by October 17, 2022 confirming substitute service.

ECF No. 25. On October 12, 2022, Plaintiff promptly filed proof of service indicating that Defendant has been served. To date, Defendant has not renewed his request challenging service of process. Accordingly, Defendant's motion to dismiss based on insufficient service of process is denied as moot.

### B. Subject Matter Jurisdiction

Defendant contends that the Complaint should be dismissed for lack of subject matter jurisdiction because it is inconceivable that Plaintiff will be able to demonstrate that he did enough work to establish the statutory requisite amount in controversy. ECF No. 11-1 at 12-13. Federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between "citizens of different States." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)). Here, Defendant challenges whether the amount in controversy exceeds $75,000.

Construing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has properly alleged that this Court has jurisdiction. In the Complaint, Plaintiff alleges that his hourly rate was $500 and that he expended 1,589 hours of work on Defendant's case. Compl. ¶ 20. Based on these facts, the total cost for Plaintiff's legal services is $794,500. Plaintiff alleges that Defendant paid $85,000. Thus, there remains an outstanding balance of $709,500. Accordingly, the Court finds that Plaintiff has alleged sufficient facts for the Court to determine that it has diversity jurisdiction over Plaintiff's claims.

### C. <u>Failure to State a Claim</u>

Count 1 is a claim for quantum meruit. It alleges that Plaintiff performed necessary legal services for Defendant, Defendant accepted the benefit of Plaintiff's legal services thereby avoiding a lengthy prison sentence, and considering all the work performed, Plaintiff expected to be compensated by Defendant. *See* Compl. ¶¶ 23-26. Count 2 is a claim for unjust enrichment, which similarly alleges that Plaintiff conferred a benefit, *i.e.*, legal services, on Defendant but Defendant unjustly withheld payments for those services. *Id.* ¶¶ 28-33. Defendant argues that Plaintiff's claims fail because the law does not permit a lawyer to provide services in the absence of a written retainer agreement and then sue his or her client under a theory of quasi-contract. *See* Def.'s Br. at 11, ECF No. 11-1. Defendant's argument lacks merit.

Unjust enrichment requires that the defendant "received a benefit and that retention of that benefit without payment would be unjust." *Thieme v. Aucoin-Thieme*, 227 N.J. 269, 151 A.3d 545, 557 (2016) (citation omitted). Quantum meruit similarly requires "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Starkey, Kelly, Blaney & White v. Estate of Nicolaysen*, 172 N.J. 60, 796 A.2d 238, 242–43 (2002) (citation omitted). Without venturing into the differences between the two, "[r]ecovery under both of these doctrines requires a determination that defendant has benefitted from plaintiff's performance." *Woodlands Cmty. Ass'n, Inc. v. Mitchell*, 450 N.J.Super. 310, 162 A.3d 306, 310 (2017).

Defendant's argument that Plaintiff's Complaint must be dismissed because lawyers cannot sue their clients under a theory of quasi-contract is contrary to New Jersey Supreme Court precedent. In *Starkey, Kelly, Blaney & White v. Est. of Nicolaysen*, 172 N.J. 60, 63 (2002), the New Jersey Supreme Court issued a decision permitting an attorney to collect either a fee or an

5

award based on the principle of *quantum meruit* for services rendered. Thus, under New Jersey law, Plaintiff is not precluded from raising a quasi-contract claim. Moreover, since the Complaint alleges that Plaintiff performed necessary legal services for Defendant, Defendant accepted the benefit of Plaintiff's legal services, and Plaintiff expected to be compensated by Defendant, Plaintiff has sufficiently stated claims for quantum meruit and unjust enrichment. Accordingly, Defendant's motion to dismiss is denied.

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss [ECF No. 11] is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: May 24, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge